478

JOSÉ MARÍA FRANCESCHI ET AL., Petitioners, *v.* DISTRICT COURT OF PONCE, Respondent.

No. 281. Argued January 30, 1933.—Decided February 2, 1933.

*Henry G. Molina* for petitioners. *López de Tord & Zayas Pizarro* for respondent.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is a mandamus proceeding. The original petition was presented to this Supreme Court. It alleges, in short, that the petitioners are the heirs of Francisco María Franceschi, who died in Ponce, in 1926; that they are all French citizens and reside outside of the Island, one of them being at present in Puerto Rico with the sole object of attending to the liquidation of the estate; that in 1928 the executors, following the advice of their attorneys López de Tord and Zayas Pizarro, and despite the fact that the will of Mr. Franceschi prohibited the intervention of the courts, requested from the District Court of Ponce the judicial administration of the estate, the executors themselves being appointed as acting administrators. Subsequently some changes occurred, and the present administrator is petitioner José María Franceschi.

It is also alleged in the petition, briefly, that on May 17, 1932, the district court of its own motion ordered the petitioners to show cause why the judicial administration should not be terminated, counsel for the petitioners stating at the hearing held two days later that the only thing pending was the partition of the estate among the heirs; and that on

August 17, 1932, the petitioners filed a motion before the court requesting that the administration be terminated, the prayer of said motion reading as follows:

"WHEREFORE, and without prejudice to the proceedings that may be brought with regard to the determination of the attorney's fees of Messrs. López de Tord and Zayas Pizarro as attorneys for the judicial administrator, and without prejudice to the proceedings relative to the determination of the compensation that the judicial administrator may be entitled to receive, petitioners respectfully pray this Hon. Court to enter an order terminating this judicial administration and directing the judicial administrator, Marcos Vecchini, to deliver to the petitioners through the petitioner José María Franceschi, all the property now in his possession as such judicial administrator; directing the said administrator to present his final accounts and upon their approval, that his bond be canceled on condition that the petitioners as owners in possession of the estate shall pay any amounts that this court may adjudge them to pay as fees to attorneys López de Tord and Zayas Pizarro, and to the judicial administrator."

The petitioners further alleged in their petition that they stated to the court that if it believed that the termination of the administration did not lie without the giving of a bond, they were willing to give whatever bond the court might fix to secure the payment of all pending claims; that on August 23, attorneys López de Tord and Zayas Pizarro filed an opposition, the hearing of the motion having been held on the 24th and the same being taken under advisement by the court after briefs were filed on August 30 and 31, and September 6 and 7, 1932; that on November 7, 1932, the petitioners presented a motion requesting that certain motions that had been presented with regard to the "delivery of property and documents" be decided, and while that motion was still undecided they filed a new motion on November 25, 1932, praying for a partial delivery of the property until the determination of the motion of August 17, property in excess of $130,000 to remain in the hands of the judicial administrator to answer for the claim of attorneys López de Tord and Zayas Pizarro and for other pending claims;

that on December 5, 1932, the date set for the hearing of said motion, the petitioners filed a supporting affidavit signed by their attorney, and attorneys López de Tord and Zayas Pizarro filed an opposition; that the petitioners are in need of funds and the court lacks jurisdiction to retain their property, at least, that portion thereof not needed to satisfy the claims against the estate; that the petitioner José María Franceschi in his own right and as attorney in fact of the other heirs, represents seven-eighths of the estate and has been here since July 3, 1928, in order to attend to its settlement; that the petitioners are anxious to obtain final adjudication in all their pending claims so as to withdraw from Puerto Rico to their own domicile whatever balance may belong to them, and that as long as the aforesaid motion remains undecided by the district judge they will continue to suffer great prejudice.

The prayer of the petition, literally copied, is as follows:

"WHEREFORE, the petitioner prays this Hon. Court alternatively as follows: *First,* that after hearing this petition and Messrs. López de Tord and Zayas Pizarro, as the only respondents appearing before the District Court, it issue a peremptory writ of mandamus commanding the judicial administrator to deliver to the petitioners all the property of the estate, and retain jurisdiction in suit No. 2933 in order to decide any claim that may be pending, which shall be paid by petitioners herein once it has been determined by final judgment (a bond to be given by the petitioners if the Hon. Court is of the opinion that the same ought to be furnished, notwithstanding the avai'ability of the remedy by attachment (*aseguramiento de sentencia*) to secure the payment of all said claims); or, *second,* that it issue a peremptory writ of mandamus directing the delivery to the petitioners of the whole of the estate, except the property specified in the motion of November 25, 1932 (Exhibit D), or any other property, the total value which in the opinion of the court might be sufficient to cover all pending claims; or, *third,* that it issue a peremptory writ of mandamus commanding the Hon. Domingo Sepúlveda, Judge of the District Court of Ponce, to render a decision on the said motion of August 17, 1932 (Exhibit A), and on that of November 25, 1932 (Exhibit D), within the shortest time that this Court may deem proper."

There is no doubt that the facts averred reveal a situation that must be corrected and that the district court should render a proper decision with the urgency demanded by the case, but there is no doubt, either, that said facts are not sufficient to justify this Court in assuming jurisdiction of the matter, if it has jurisdiction in order to finally dispose of the case, or in commanding the district court to determine the same within the specified time.